UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VRINDER SINGH RANDHAWA, | Case No. 2:25-cv-02734-DAD-CSK (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | (ECF Nos. 11, 29) |
| Defendant. | |

Plaintiff Vrinder Singh Randhawa is proceeding without counsel. Pending before the Court is Defendant United States of America's motion to dismiss the Complaint. (ECF No. 11). The motion is fully briefed.[1] (ECF Nos. 14 & 15.) Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and vacated the January 13, 2026 hearing. (ECF No. 16.) For the reasons that follow, the Court recommends GRANTING the United States' motion to dismiss. The Court further DENIES Plaintiff's pending motion for a case management conference (ECF No. 29) in light of its recommendation to dismiss this action without leave to amend.

/ / /

/ / /

---

[1]   The Court disregards Plaintiff's unauthorized sur-reply (ECF No. 19), filed after the motion was submitted.

1

## I.      BACKGROUND

### A.      Factual Background

Plaintiff commenced this action on September 24, 2025. (ECF No. 1.) In a letter to the Clerk of Court accompanying the Complaint, he stated: "This complaint is substantively identical to the prior action, *Randhawa v. DHS, et al*., Case No. 2:24-CV-1540 DAD CSK PS, which was closed without adjudication of the merits. . . . Accordingly, Plaintiff is refiling his claim as a new action to preserve his rights under the [Federal Tort Claims Act]." (ECF No. 1 at 1.) The district judge assigned to this action subsequently issued an order relating this case under Local Rule 123 to *Randhawa v. DHS*, Case No. 2:24-CV-1540 DAD CSK PS (*Randhawa III*).[2] (ECF No. 9.)

The Complaint in this action (*Randhawa IV*) names the United States of America as the sole defendant. (ECF No. 1 at 16 ("Compl.")). Plaintiff asserts the following causes of action: (1) negligence; (2) intentional infliction of emotional distress; and (3) false imprisonment and abuse of process under the Federal Tort Claims Act (FTCA); (4) Equal Protection (Fifth Amendment); and (5) arbitrary and capricious agency action under the Administrative Procedures Act (APA).

Plaintiff alleges that, in 2016, 2019 and 2020, he "sought emergency travel authorization[s] to visit [his] dying parents abroad" and was subject to "questioning that included biased and discriminatory remarks related to [his] ethnicity." (Compl. at 18, 26-27.) "From 2014 through 2021," Plaintiff allegedly "experienced repeated delays, mishandling, and wrongful denials of immigration benefits[.]" (*Id.* at 22.) In October 2021

---

[2]  Plaintiff also filed two lawsuits in the district court in Washington, D.C. against U.S. Immigration and Customs Enforcement (ICE) and the Department of Homeland Security, both of which were dismissed. *See Randhawa v. Dept. of Homeland Security* (*Randhawa I*), 2022 WL 823067, at *1 (D.C. Cir. Mar. 19, 2022) (complaint "alleges that the agency unreasonably delayed in granting [Plaintiff's] applications for . . . travel documents, thereby preventing him from visiting his ill and now-deceased father" and that officials "treated him in a belligerent and unhelpful manner"); and *Randhawa v. Dept. of Homeland Security* (*Randhawa II*), 2024 WL 578957, at *1 (D.C. Cir. Feb. 13, 2024) (complaint seeks relief under the FTCA for false imprisonment, intentional infliction of emotional distress, and negligence and under the First, Fifth, and Fourteenth Amendments, among other claims).

and June 2023, Plaintiff was allegedly detained at U.S. airports in Denver and San Francisco and subjected to "hostile and "humiliating" remarks. (*Id*. at 23-25.) Plaintiff seeks damages under the FTCA and declaratory and injunctive relief for his constitutional and APA claims.[3]

**B.     Procedural Background**

Plaintiff initiated this action on September 24, 2025 and paid the filing fee. On October 23, 2025, this action was related by order to *Randhawa III* and assigned to the same magistrate judge, i.e., the undersigned.

On November 28, 2025, the United States filed the instant motion to dismiss. (ECF No. 11, "Mot.".) The United States moves to dismiss the entire action without leave to amend on multiple grounds, including (1) dismissal because *Randhawa IV* is barred by res judicata; (2) dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and (3) dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*Id*.) Plaintiff filed an opposition, and Defendant

---

[3] By way of comparison, Plaintiff's First Amended Complaint (FAC) in the related case of *Randhawa III* asserted

> four causes of action: (1) violation of the Freedom of Information Act ("FOIA"); (2) violation of the Federal Tort Claims Act; (3) violation of the Fourth and Fifth Amendments under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and (4) intentional infliction of emotional distress.

> Plaintiffs generally allege "systematic procedural misconduct, bad faith in immigration adjudication, retaliation though repeated delays, obstructive responses, and racial profiling." *Id*. at 1. Plaintiffs allege Defendant DHS . . . has failed to ensure its "sub-agencies, including CBP, USCIS, and TSA" are adhering to fair procedures and . . . has allowed "each sub-agency to engage in harmful practices, including racial profiling, and improper screenings." Plaintiffs further allege Defendant DHS has "repeatedly denied Plaintiffs' emergency travel requests, including for family health crises, leading to irreparable emotional damage." For relief, Plaintiffs seek declaratory relief, damages, and other forms of relief.

2025 WL 2323816, at *1 (E.D. Cal. Aug. 12, 2025) (record citations and FOIA allegations omitted).

filed a reply. (ECF Nos. 14 & 15.) On December 16, 2025, the motion to dismiss was submitted on the briefs and without hearing pursuant to Local Rule 230(g). (ECF No. 16.)

After Plaintiff filed, and later withdrew, a motion to strike (ECF Nos. 17 & 27), the Court on March 4, 2026 granted Defendant's motion "requesting that it not be required to respond to . . . miscellaneous motions . . . pending resolution of the motion to dismiss." (ECF No. 28.) Plaintiff's motions included in his Complaint were vacated. (*Id.*)

On March 9, 2026, Plaintiff filed a motion requesting a case management and scheduling conference. (ECF No. 29.) Defendant filed an opposition to the request. (ECF No. 31.)

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a party may challenge a claim for relief for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A factual attack can rely on extrinsic evidence in arguing that subject-matter jurisdiction does not exist. *Id*. (citation omitted). Once the moving party presents evidence properly brought before the court, the party opposing the motion must

furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### C.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### III.    DISCUSSION

### A.    Res Judicata

"The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks and citation omitted). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000).[4]

---

[4]    Some courts have found that motions to dismiss on res judicata grounds are properly brought under Federal Rule of Civil Procedure 12(b)(1). *See Estrada v. California*

Here, there is an identity of claims between the instant action and *Randhawa III*. Plaintiff himself wrote in his accompanying letter to the Clerk that the instant action is "substantively identical to" *Randhawa III*, and he was not wrong. Both cases seek relief under the FTCA for denying Plaintiff's emergency travel requests from 2016-2020, racial discrimination in 2021 and 2023, and assorted misconduct in immigration proceedings.[5] To the extent *Randhawa IV* asserts new claims, e.g., under the APA, the two actions arise out of the same "transactional nucleus of facts" and make almost identical factual allegations regarding the United States' alleged multi-year pattern of unlawful treatment related to Plaintiff's ethnicity and/or immigration status. *See Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

Moreover, contrary to Plaintiff's argument, the Court's dismissal of *Randhawa III* was a final judgment on the merits. Based on an analysis of Plaintiff's factual and legal claims, the undersigned determined that the *Randhawa III* complaint did not state a claim upon which relief could be granted. *See* 2025 WL 2323816, at *9 (FAC "is fatally flawed because Plaintiffs do not state any claim upon which relief can be granted"), findings and recommendations adopted, 2025 WL 2652314 (E.D. Cal. Sept. 16, 2025). Dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits for purposes of res judicata. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) ("in federal courts, a district court judgment is final for purposes of res judicata…This is so even during the pendency of an appeal.") (internal quotation marks and citation omitted).

---

*Correctional Institution*, 2020 WL 2770063, at *1 (E.D. Cal. May 28, 2020), findings and recommendations adopted, 2020 WL 4586158 (E.D. Cal. Aug. 10, 2020). Other courts have found that motions to dismiss on res judicata grounds are properly brought under Federal Rule of Civil Procedure 12(b)(6). *See Bullock v. Arizona Board of Regents*, 2025 WL 275938, at *3 (D. Ariz. Jan. 23, 2025). This Court need not determine whether Defendant's motion to dismiss on res judicata grounds is properly brought under Rule 12(b)(1) or Rule 12(b)(6) because the motion is brought pursuant to both Rule 12(b)(1) and Rule 12(b)(6).

[5]  Plaintiff brought similar and arguably identical claims in *Randhawa I and II*. For simplicity's sake, the Court limits itself to discussing the preclusive effect of the related case of *Randhawa III*, adjudicated in this district.

Finally, there is identity or privity between the parties in *Randhawa III* and the instant action. In *Randhawa III*, the named defendants were Department of Homeland Security (DHS), U.S. Citizenship and Immigration Services (USCIS), Customs and Border Protection (CBP), and Transportation Security Administration (TSA). In that case, the Court pointed that the only proper defendant in an FTCA action is the United States. *Randhawa III*, 2025 WL 2323816, *7. Accordingly, Plaintiff named the United States as the sole Defendant in the instant action. "[F]ederal agencies are in privity with the United States Government for purposes of res judicata, meaning that a previous lawsuit against any federal agency can have a preclusive effect on all future litigation against the Government." *Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81, 87 (D.D.C. 2018). Thus, the instant action is barred by res judicata and subject to dismissal.

### B.     Failure to State a Claim

The United States also seeks dismissal of Plaintiff's claims for failure to state a claim. The Court finds that, as an independent basis for dismissal, the Complaint fails state a claim under Rule 12(b)(6). Addressing this issue in *Randhawa III*, the Court explained its reasoning at length and will not repeat it here. *See* 2025 WL 2323816, at *8-9. Suffice it to say that Plaintiff's vague and conclusory allegations do not state a claim for relief under the FTCA, the Fifth and Fourteenth Amendments, or the APA. *See Randhawa I*, 2022 WL 823067, at *2 (Congress has not waived sovereign immunity for constitutional tort claims); 5 U.S.C. §§ 701-06 (only "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review" under the APA). These glaring pleading deficiencies, evident throughout the Complaint, are a standalone reason to dismiss it.[6]

### C.     Leave to Amend

If a court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d

---

[6]  The Court does not reach Defendant's other arguments for dismissal.

1122, 1130-31 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*.; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court finds that further leave to amend would be futile, as Plaintiff has not pled a viable claim in four successive federal lawsuits including the instant case. The Complaint should be dismissed with prejudice.

### D.   Motion for Case Management Conference

In light of the Court's recommendation to dismiss the Complaint without leave to amend, the Court will deny Plaintiff's pending motion for a case management conference.

## IV.   CONCLUSION

Based on the above, IT IS HEREBY ORDERED that Plaintiff's motion for a case management conference (ECF No. 29) is DENIED.

Further, based upon the findings above, IT IS HEREBY RECOMMENDED that:

1.   The United States of America's motion to dismiss (ECF No. 11) be GRANTED;

2.   The Complaint be DISMISSED with prejudice; and

3.   The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

/ / /

/ / /

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 24, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7/rand.2734.25.mtd.f&rs